## No. 11,179.

### THE STATE EX REL. DISTRICT ATTORNEY VS. A. R. MOULIN, RECORDER.

The recorders' courts are "examining courts," within the meaning of the statutes.

Judges of the District Courts have the power to act as magistrates, to cause offenders to be arrested, and bound over or discharged.

They do not do this as judges of the District Courts, nor as justices of the peace, but as magistrates authorized to perform these duties.

The recorders have similar powers, as committing magistrates, inbailable cases.

Under constitutional authority, the General Assembly "may provide for police or magistrates' courts."

Without restriction or limitation, the General Assembly has vested recorders with the authority of committing magistrates.

It is held in a number of decisions that recorders can exercise the functions of committing magistrates.

It should require very controlling considerations to induce any court to break down former decisions and lay again the foundation of the law.

APPLICATION for Certiorari and Prohibition.

*Lionel Adams* for the Relator.

*Evans & Dunn* for the Respondent.

The opinion of the court was delivered by

BREAUX, J. An affidavit was made before the recorder of the Second Recorder's Court charging L. E. Roulet with murder.

The testimony of the witnesses was heard and reduced to writing.

The recorder continued the preliminary examination of the cause to the 21st day of January, 1893.

On that day the Assistant District Attorney interposed a plea to the jurisdiction of that court, and alleged, substantially, that the complaint being for a capital offence the court's functions were limited to the examination of the witnesses, and that the defendant should, after that examination, be commltted to the Criminal District Court; that the recorder's court was without jurisdiction to determine whether any or what grade of offence has been committed, or whether the defendant is or is not entitled to bail.

This plea was overruled.

Whereupon the relator applied to this court for a writ of *certiorari* commanding the recorder to send up a certified copy of the proceedings to the end that the jurisdiction of the recorder may be inquired into and determined, and also for a writ of prohibition commanding him to proceed no further, or show cause why the writ should not be made absolute. A rule *nisi* was issued.

The question as to the right of the recorder, under the authority of Act 209 of 1859, to admit accused parties to bail, in bailable cases, is the first at issue in this case.

The relator contends that this act of 1859 has been repealed by the Constitution of 1868; by Act 160 of 1868; by the Revised Statutes of 1870; by the Constitution of 1879, and by Act No. 20 of 1882, and Act 45 of 1886.

The Constitution of 1868 vested the judical powers in a Supreme Court, in District Courts, in parish courts and in justices of the peace, and ordained in another article that no judicial powers *except as*

*committing magistrate in criminal cases* shall be conferred upon any other officers.

To the justices of the peace was left such criminal jurisdiction " as should be provided for by law."

At the first session of the Legislature which followed the adoption of that Constitution; Act 160 of 1868 was adopted.

It was an amendment of the act relative to criminal proceedings of 1855, and made it the duty of the justice of the peace, or committing magistrate, or judge before whom the accusation is brought, to receive the complaint and cause the accused to be arrested.

In capital cases, and in cases punishable by imprisonment in the penitentiary, the accused was to be brought before the district judge of the district, or the parish judges of the parish, in which it was charged the offence had been committed; it was the duty of the judge sitting as a committing magistrate to examine the witnesses. against the accused on oath, and reduce their depositions to writing and to receive the voluntary declaration of the accused. If the case was within the jurisdiction of the justice of the peace, or committing magistrate, it devolved upon that officer to examine the witnesses and hold a preliminary examination. The line of division between the two jurisdictions, that of the justice of the peace or committing magistrate and of the district judge or parish judge, is clearly marked and well defined throughout the act.

The last clause left to the district and parish judges jurisdiction as *committing magistrates in all cases.* This act was copied bodily in the Revised Statutes of 1870, as Section 1079 of those statutes.

The Legislature, by Act 7, of 1870, entrusted recorders with the duties of *ex-officio* justices and conservators of the peace, and with the authority exercised by the recorders to that date.

They continued as previously authorized, with the additional title of *ex-officio* justice of the peace, given in order to comply with the letter of the Constitution of 1868, restricting the delegation of judicial powers.

The Act 95 of 1873 repealed all laws establishing recorders' courts and instituted instead four municipal police courts in the city with all the powers and duties vested in recorders and *ex-officio* justices of the peace at the time, " and such other powers as

the city of New Orleans and the State of Louisiana may invest in said court hereinafter, in pursuance of law."

The evident intention was to give them all the jurisdiction possible, under the limitations of that Constitution.

In 1877, the Legislature returned to the recorders' courts and in the Act 731, E. S., vested them with the jurisdiction of municipal police courts, and of recorders', as provided in the City Charter of that day.

It thus appears that in 1879, when the Constitution was adopted, recorders were vested with all the authority possible, under the Constitution of 1868.

And that authority continued to date, except in those respects, that changes, amendments or repeals have been made by the present organic law on the subject, and by the statutes adopted subsequently.

By Article 136 of the present Constitution the General Assembly may provide for police or magistrates' courts. The justices of the peace are vested with criminal jurisdiction as committing magistrates, and with power to bail or discharge in cases not capital or necessarily punishable at hard labor. The district judges are by law committing magistrates in all cases. If Article 136, which reads: "The General Assembly may provide for police or magistrates' courts, but such courts shall not be vested with jurisdiction beyond the enforcement of municipal ordinances or as committing magistrates," be controlled by a close interpretation of Article 126 of the Constitution, to-wit: "They shall have universal jurisdiction as committing magistrates, and shall have power to bail or discharge in cases not capital or necessarily punishable at hard labor," the former becomes meaningless and would be controlled by the latter intended to apply to justices of the peace.

It would not be possible to establish police or magistrates' courts, not even in matter of the enforcement of municipal ordinances.

It has passed beyond question that the exercise of judicial power by the recorders of New Orleans is constitutional. State ex rel. Geale vs. Recorder, 30 An. 450.

No court of justice can be authorized so to construe an article to defeat its obvious end, when another interpretation accordant with the words and intention will give it effect; the maxim, *Ut magis res valeat quam pereat*, applies with special force. There are

cases in which it is held that granting bail and the determining the amount in which the parties shall be bound, are judicial acts.

A principle we are not under the necessity to question, further than to state that there are reputable authorities to the contrary: " In the exercise of this jurisdiction the magistrate is deemed to act, not judicially, but ministerially; at least, he does not put forth ' judicial power, ' within the meaning of the Court of the United States." Bishop Crim., Proc., Vol. 1, p. 237.

By Act 20 of 1882, Sec. 45, police courts were established, to be known as recorders' courts, and they are invested in one of the sections following with the jurisdiction of committing magistrates. This act repeals all prior laws conflicting or inconsistent with its provisions. It must be read as part of Section 1009 of the Revised Statutes, and as vesting the magistrate with all the powers of a committing magistrate, whether exercised by a justice of the peace or a district judge. This act of 1882 has given to the recorders general powers as committing magistrates, and thereby modified Section 1010 of the Revised Statutes.

Finally, Act 45 of 1886 was adopted, making it the duty of the justices of the peace, or committing magistrates, and recorders of the city of New Orleans to take in writing the deposition and evidence of all material witnesses on behalf of the State, and when so requested by the accused, to write down the evidence of the witnesses for the defence, and in their discretion place witnesses under bond.

The depositions and bonds are returnable to the office of the clerk of court.

This act applies in all cases; ("When any person charged with " having committed *any* offence,") before committing magistrates, and is not irreconcilable with the duties devolving upon recorders in bailable cases. It is not limited to capital cases, but applies generally in all cases before " committing courts."

We concede that Act 269 of 1859 is repealed. It was repealed by the repealing section of the Revised Statutes, which includes all laws contrary to or inconsistent with other statutes, and all laws or parts of laws on the same subject matter.

It being determined that the act of 1859 is inoperative and repealed, it eliminates from consideration all questions in reference to its effect or repeal.

State ex rel. District Attorney vs. Recorder.

The interpretation placed by us upon Section 1010 of the Revised Statutes and upon the Constitution of 1879, do not restrict the functions of the committing magistrate to those of the justices of the peace.

They are not in all respects similar. The jurisdiction of the justices of the peace is limited in express terms; a limitation under the law which does not apply to other officers entrusted with duties of committing magistrates.

The word " magistrate " is a generic term designating a public officer. It is broad and not entirely definite in meaning.

An officer may be a magistrate and not a justice of the peace.

When the latter presides as an examining court he is restricted in his jurisdiction.

When sitting as an examining court the district judge is a magistrate and has all the powers given to magistrates.

In all the laws to which we have referred as in force the duties of the justice of the peace and of the district judge are clearly expressed.

" There were anciently officers known as conservators of the peace, whose functions have since been incorporated into those of the justice of the peace." Bishop, Vol. 1, p. 225.

In this State these functions have been incorporated into those of the justice of the peace (with certain limitations), recorders, and judges of the district and other courts. They are each committing magistrates.

The Constitution authorized the General Assembly to create police courts and vest them with powers of committing magistrates. The article delegating the power is not operative *proprio vigore*.

The law-making power in giving it judicial effect has given to recorders the authority to act as committing magistrates. The jurisdiction is not limited to that of justice of the peace in such cases. They were not given the limited powers of a justice of the peace, but of committing magistrates. Such was their authority under the acts of 1870, 1873 and 1877.

The Legislature has not expressed the intention to limit'the authority in subsequent acts.

That office (the recorder's) is made a part of the committing force of the State in all bailable cases.

This court has heretofore, in effect, held that recorders are vested in their respective districts with the duties of committing magis-

trates, such as are exercised by the justices of the peace in the parishes, and such as may devolve upon the district judges of the State. State ex rel. Sheehan vs. Judges, 32 An. 315; State vs. Corengh et al., 42 An. 416; State vs. Matrangas, 41 An. 1091.

In the first case the accused was charged with breaking and entering a dwelling house armed with a deadly weapon with intent to murder, an offence necessarily punishable by imprisonment in the penitentiary; the court held that a recorder of the city of New Orleans has full power to determine whether a prisoner arrested by his warrant under a criminal charge is or is not entitled to bail.

In the second case the accused was charged with embezzlement. After furnishing bond before the recorder's court he became a fugitive from justice. The security on his bond defended on the ground of want of authority of the recorder to admit the accused to bail. The court decided that the recorder was fully authorized to take and acknowledge the bond.

In the last case referred to the court held that recorders are vested with the jurisdiction of committing magistrates. These decisions have entered into the body of precedents.

Though we would unhesitatingly acknowledge errors committed by ourselves or our predecessors, we will not lightly disturb conclusions deliberately reached in order to give a more restricted meaning to the term "magistrate." The law has been settled since many years. The stability of decisions is of the utmost importance.

The reason of Titus may, and frequently does, differ from the reasoning of Septimius. This is no good cause for a change.

It devolves upon the Legislature to correct errors. They have the power to make any needful change.

The ability and energy of the assistant district attorney, in this case, have given character and prominence to clearly defined issues, in oral and written argument.

It is ordered, adjudged and decreed that the rule *nisi* which issued in this case on the 21st day of January, 1893, be discharged, and relator's demand for a writ of *certiorari* and prohibition be denied.